

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/08/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-34305 |
| RICHARD E. SISNEY, SR.; dba SISNEY'S | § | CHAPTER 7 |
| AUTO SERVICE | § | |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| | § | |
| BOBBY POSINSKI | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 11-3265 |
| | § | |
| RICHARD E. SISNEY, SR. | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

### Factual Background

On June 7, 2011, Posinski filed this adversary complaint against Richard E. Sisney, Sr. (ECF No. 1). Posinski seeks to have a prepetition state court judgment excepted from discharge under § 523(a)(2). (ECF No. 1). Posinski sued in state court for breach of contract, quantum meruit, fraud and misrepresentation.

Sisney never responded to Posinski's discovery requests, which included requests for admission. (ECF No. 13). As a resulted, those matters were admitted. Fed. R. Civ. P. 36(a).

Posinski filed his first motion for summary judgment, relying on those deemed admissions. (ECF No. 13). The Court denied the first motion for summary judgment because:

> Even if the Court deemed admitted those statements contained in Posinski's Requests for Admission, and even taking into account the state court final judgment and the affidavit of Kenneth R. Jones, this only

> establishes a lack of a genuine issue of material fact that Sisney's debt to Posinski was incurred by fraud. Posinski has not shown, however, a lack of a genuine issue of material fact that the fraud is of the type which allows the related debt to be excepted from discharge under § 523(a)(2).

(ECF No. 14 at 1-2). Posinski had not shown that the money, property, or services were obtained by fraud, false pretenses, or false representation *other than a statement respecting the debtor's or an insider's financial condition*. 11 U.S.C. § 523(a)(2)(A) (emphasis added).

Posinski filed a motion to reconsider and a motion for leave to file an amended motion for summary judgment, which was unopposed. (ECF No. 16). The Court granted leave. (ECF No. 17).

Posinski's amended motion for summary judgment contained an affidavit from Posinski which attested to the facts surrounding the underlying state court judgment. (ECF No. 16-5). Posinski attests that Sisney advised him to purchase a 1957 Chevrolet, which Sisney represented he could fully refurbish for $20,000.00. Posinski paid Sisney money up front, and then made two progress payments after Sisney falsely represented to Posinski that the refurbishment project was coming along well. After several more payments induced by Sisney's false representations, Posinski ended up having paid a total of $37,000.00 to Sisney. Posinski also alleges Sisney converted the vehicle and stripped it of parts.

Sisney filed a brief in response to the first amended motion for summary judgment. (ECF No. 19). The Court will now consider the amended motion and Sisney's response brief.

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

**Motion for Summary Judgment**

Sisney's brief does not dispute that the failure to respond to Posinski's Request for Admission means those statements are deemed admitted. Furthermore, Sisney's brief does not appear to dispute the facts attested to in Posinski's affidavit surrounding the incident which led Posinksi to file the state court lawsuit. (ECF No. 19).[2] Instead, Sisney argues that even "assuming [Sisney] actually committed fraud, the question is question [sic] the particular fraud committed is the type that is not [sic] excepted from discharge." (ECF No. 19 at 3). Sisney argues that Posinski failed to establish that there is no genuine issue of material fact as to all of the elements of his 11 U.S.C. § 523(a)(2)(A) claim.

In the section titled "Reasons to Deny Motion Based on Plaintiff's Claim," Sisney argues there remains a genuine issue on the following material facts: (i) debt for money, property, or services; (ii) "whether the relationship between Plaintiff and Defendant was that of a creditor-debtor relationship whereby credit was extended to Defendant creating a debt liability." (ECF No. 19 at 6).

This cause of action relates to allegations Sisney obtained Posinski's money by fraud and false representation. Therefore, this cause of action relates to a "debt for money, property, or services . . . [fraudulently obtained]." Sisney's argument is rejected.

Sisney's second argument is that § 523(a)(2)(A) only excepts from discharges debts resulting from a "debtor-creditor relationship"—that is, because Posinski didn't extend credit

---

[2] Sisney's amended answer to the original complaint denied paragraphs 4-7 of the complaint. (ECF No. 10). Those paragraphs only related to what happened in state court after the filing of the lawsuit and to Posinski's ultimate conclusions of law. (ECF No. 1 at 1-2). Sisney never offered any other explanation for what occurred, or provided his own description of the underlying events.

(loan money) to Sisney, the debt may not be excepted from discharge. (ECF No. 19 at 4). This is simply not the case. A careful reading of the statute or the opinions cited in Sisney's own brief verifies this. *See Cohen v. De la Cruz*, 523 U.S. 213 (1998) (actual fraud related to landlord charging excessive rents); *see generally* 11 U.S.C. § 523.

The following statement was deemed admitted: "The [state court] Judgment awarded Plaintiff, Bobby Posinski damages for fraud." (ECF No. 16-1 at 5).[3] Even if that statement were not deemed admitted, Posinski's affidavit recites in detail the false representations and actual fraud committed by Sisney relating to the refurbishment.

Posinski's affidavit details the false representations, alleges Sisney knew they were false when made, alleges Sisney made the misrepresentations with the intent to deceive Posinski, and shows how Posinski suffered loss as a result. Posinski's description of the event indicates his reliance was justified. Posinski has satisfied the requirements for excepting from discharge a debt obtained by a false representation. *In re Mercer*, 246 F.3d 391, 403 (5th Cir. 2001).

Both parties agree that the refurbishment dispute precipitated Posinski's state court lawsuit. Sisney never offered an explanation for what occurred, or even alleged that Sisney's statements are untrue, choosing instead to rely on the misplaced argument that even assuming Sisney did commit fraud, the resulting debt is not the type which may be excepted from discharge. In short, Posinski has demonstrated a prima facie case for both fraud and false representation and Sisney has not established that there is a genuine issue as to any matter material matter.

---

[3] Even if the actual damages had been awarded under a breach of contract theory, and only punitive damages awarded for fraud, the entire judgment may be excepted from discharge if the plaintiff can show that the state court judgment arose from fraud or a false representation. *See Fire Safe Protection Services v. Ayesh*, 2011 WL 4631865 (Bankr. S.D. Tex. Sept. 21, 2011).

The state court judgment is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

**Amount Excepted from Discharge**

Legal fees and other damages arising from a state court fraud judgment are excepted from discharge when the damages judgment itself is excepted from discharge. *See Cohen v. De la Cruz*, 523 U.S. 213 (1998) ("[T]he text of § 523(a)(2)(A) . . . encompasses any liability *arising from* money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.") (emphasis added).

Posinski's state court judgment awarded him $44,000.86 in actual damages, $5,000.00 in punitive damages, $11,602.50 in legal fees, costs ($303.50), and 5% interest on the $44,000.86 in actual damages. (ECF No. 1-2, 1-3). This entire amount is excepted from discharge.

## Conclusion

The Court will enter a judgment in accordance with this Memorandum Opinion.

SIGNED **March 8, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE